IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:98-cr-68-BO-1
No. 5:24-CV-464-BO

| | |
|---|---|
| GLENN CARSON MOORE, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [DE 153]. The government has moved to dismiss the motion to vacate, [DE 160], and petitioner has responded in opposition to the motion to dismiss. [DE 163]. In this posture, the matters are ripe for disposition.

## BACKGROUND

Petitioner, Moore, is currently serving a sentence of life plus five years after having been found guilty of interstate kidnapping, using and carrying a firearm in relation to a crime of violence, transferring a handgun to a juvenile for use during the commission of a crime of violence, unauthorized use of an access device, and conspiracy to kidnap and take a person's money. *See* [DE 83]. Moore's convictions and sentence were affirmed by the court of appeals. [DE 86].

Moore then filed a motion to vacate due to ineffective assistance of counsel pursuant to 28 U.S.C. § 2255, which was denied on the merits. [DE 88; DE 95]. Moore filed a subsequent § 2255 motion [DE 119], which was denied as second or successive [DE 128].

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive habeas petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Because the instant motion attacks the same conviction and sentence as was earlier challenged by the first motion to vacate, and the first § 2255 motion was decided on the merits, the instant motion to vacate is second or successive. *Id.* at 207. Therefore, this Court is without jurisdiction to review this matter until authorized to do so by the Fourth Circuit Court of Appeals. *Id.* at 205. The Court therefore dismisses the § 2255 motion without prejudice so that Moore may seek prefiling authorization.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v.*

*Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, the motion to dismiss for lack of subject matter jurisdiction [DE 160] is GRANTED. The motion to vacate, set aside, or correct sentence [DE 153] is DISMISSED without prejudice. A certificate of appealability is denied.

SO ORDERED, this __4__ day of April 2025.

*Terence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE